UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLENDA M. HOLMES,**  Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1867** |
| **DONDRIA L. HOLLIS, ET AL.,**  Defendants | **SECTION: "E" (4)** |

## ORDER AND REASONS

Before the Court are three motions to dismiss filed by Defendant Michelle Cooper,[1] Christopher Babycos,[2] and Stephen J. Delatte.[3] Plaintiff Glenda M. Holmes filed an opposition.[4] Defendants Delatte and Babycos filed replies.[5] For the following reasons, Defendants' motions are **GRANTED.** Plaintiff's claims against Defendants Babycos, Hollis, and De La Houssaye are **DISMISSED WITHOUT PREJUDICE.**[6] Plaintiff's claims against Defendants Cooper, Delatte, Black, and Simon are **DISMISSED WITH PREJUDICE.**[7]

---

[1] R. Doc. 9. The Dr. Michele Cooper who filed the Motion to Dismiss is not the same Dr. Michele Cooper who served on the Medical Review Panel, and, as such, was probably not the intended recipient of Plaintiff's service. *See* R. Doc. 9 at 3, n. 6. However, the Dr. Michele Cooper who served on the Medical Review Panel is also a citizen of Louisiana. *See* R. Doc. 13-3. Accordingly, the reasoning and decision set forth in this Order remain the same.

[2] R. Doc. 13.

[3] R. Doc. 16.

[4] R. Doc. 20.

[5] R. Doc. 26 and R. Doc. 27, respectively.

[6] Though Defendant De La Houssaye did not file a motion to dismiss, the Court finds it does not have subject matter jurisdiction over the claims against Defendant De La Houssaye for the reasons discussed in the Law and Analysis Section, *infra*, and must therefore dismiss the claims *sua sponte*. *See* Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)) ("[C]ourts, including this Court, have an independent obligation to determine whether subject matter jurisdiction exists." "[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety.").

[7] Though Defendants Black and Simon did not file motions to dismiss, the Court finds the claims against these defendants are barred by the absolute immunity provided to members of a medical review panel, as discussed in the Law and Analysis Section, *infra*. Accordingly, the Court dismisses these claims *sua sponte*. *See* Carver v. Atwood, 18 F.4th 494, 497 (5th Cir. 2021) ("District courts may, for appropriate reasons, dismiss cases sua sponte." "[Dismissal is] appropriate when a complaint fails to state a claim.").

1

## BACKGROUND

Plaintiff sues her prior treating physician, Dr. Christopher Babycos, and prior treating nurse practitioner, Dondria Hollis.[8] Plaintiff also names as Defendants Nadia De La Houssaye (the attorney for Dr. Babycos and Ms. Hollis) and members of the Medical Review Panel who reviewed Plaintiff's complaints of malpractice against Dr. Babycos and Ms. Hollis: Dr. Eileen Black, Dr. Michele Cooper, Dr. Stephen Delatte, and attorney Michael Simon.[9] Plaintiff alleges several state law claims against Defendants including medical malpractice, personal injury, libel, slander, and breach of contract.[10] Plaintiff further alleges that Defendants have violated her "human, civil, an[d] constitutional rights,"[11] and claims violations of HIPPA,[12] 18 U.S.C. § 1347, and 22 U.S.C. § 2702.[13] In her complaint, Plaintiff alleges she is a citizen of Louisiana.[14] All Defendants are also citizens of Louisiana.[15]

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[16] Under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Pursuant to 28 U.S.C. § 1332, federal district courts also have original jurisdiction over all civil matters in which the plaintiffs are citizens of

---

[8] R. Doc. 1 at 2-3.
[9] R. Doc. 1 at 2; R. Doc. 1-1 at 4-15.
[10] R. Doc. 1 at 5-6.
[11] *Id.* at 6.
[12] R. Doc. 1 at 6.
[13] R. Doc. 1-9.
[14] *Id.* at 4.
[15] R. Doc. 1 at 2-3. While Plaintiff provided an Indiana address for Dr. Michele Cooper in her complaint, she provided a Louisiana address for Dr. Cooper in her summons. *See* Doc. 1-3. Thw address on the summons is not the correct address for the Dr. Michele Cooper who served on the Medical Review Panel, but the Dr. Cooper who served on the Medical Review Panel is also a citizen of Louisiana, with an address in Mandeville. *See* Doc. 13-3.
[16] In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Mississippi Plaintiffs), 668 F.3d 281, 286 (5th Cir. 2012).

different states from the defendants and the amount in controversy exceeds $75,000.[17] The party asserting jurisdiction bears the burden of establishing that the district court possesses subject-matter jurisdiction.[18] "Moreover, courts, including this Court, have an independent obligation to determine whether subject matter jurisdiction exists."[19] "[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety."[20]

## LAW AND ANALYSIS

### I. The Court lacks federal question jurisdiction.

"In federal question cases under [§] 1331, 'where the complaint . . . is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions . . . must entertain the suit.'"[21] The two exceptions are where (1) "the federal question 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction'" or (2) "'such a claim is wholly insubstantial and frivolous.'"[22] "[L]ack of substantiality in a federal question may appear either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions of (the Supreme Court) as to foreclose the subject.[23]

Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve

---

[17] 28 U.S.C. § 1332(a).
[18] Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).
[19] Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (citing Ruhgras AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)).
[20] *Id.*
[21] Southpark Square Ltd. v. City of Jackson, 565 F.2d 338, 341 (5th Cir. 1977) (citing Bell v. Hood, 327 U.S. 678, 681-82 (1946)).
[22] *Id.*; *see also* Hagans v. Lavine, 415 U.S. 528, 536–37 (1974) ("Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'").
[23] *Id.* (citing Mays v. Kirk, 414 F.2d 131, 135 (5th Cir. 1969)).

a federal controversy."[24] The test "is a rigorous one and if there is any foundation of plausibility to the claim, federal jurisdiction exists."[25] Moreover, where, as here, the plaintiff is *pro se* and the complaint is handwritten, the pleading is to be "liberally construed" and "must be held to 'less stringent standards than formal pleadings drafted by lawyers.'"[26]

Despite the Court's liberal construction of the complaint, Plaintiff has failed to identify any "substantial" federal question at issue in the case. First, Plaintiff claims the Court can exercise federal question jurisdiction over this case because she brings a claim against Defendants for violations of her "human, civil, an[d] constitutional rights."[27] However, Plaintiff does not allege sufficient facts to support such a claim. At most, Plaintiff alleges Defendants' conduct included "intentional act[s] of racial biasness [sic]."[28] To state a claim for racial discrimination that amounts to a violation Title VI of the Civil Rights Act of 1964 ("Title VI"), Plaintiff must allege that Defendants received federal financial assistance.[29] Plaintiff has made no such allegation. Accordingly, Plaintiff does not allege sufficient facts to plausibly state a claim for relief under this federal statute.

Next, Plaintiff claims Defendants' actions constituted HIPAA violations.[30] Even assuming the truth of these allegations, the Health Insurance Portability and

---

[24] Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (quoting Oneida Indian Nation of N.Y. v. County of Oneida, 414 U.S. 661, 666 (1974)).
[25] Southpark Square Ltd. v. City of Jackson, Miss., 565 F.2d 338, 342-3 (5th Cir. 1977) (citing Wright & Miller, 13 *Fed. Prac. & Proc. Juris.* § 3564 (3d ed.)).
[26] Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).
[27] R. Doc. 1 at 6.
[28] R. Doc. 1-1 at 1.
[29] Alexander v. Sandoval, 532 U.S. 275, 280 (2001).
[30] R. Doc. 1 at 6.

a federal controversy."[24] The test "is a rigorous one and if there is any foundation of plausibility to the claim, federal jurisdiction exists."[25] Moreover, where, as here, the plaintiff is *pro se* and the complaint is handwritten, the pleading is to be "liberally construed" and "must be held to 'less stringent standards than formal pleadings drafted by lawyers.'"[26]

Despite the Court's liberal construction of the complaint, Plaintiff has failed to identify any "substantial" federal question at issue in the case. First, Plaintiff claims the Court can exercise federal question jurisdiction over this case because she brings a claim against Defendants for violations of her "human, civil, an[d] constitutional rights."[27] However, Plaintiff does not allege sufficient facts to support such a claim. At most, Plaintiff alleges Defendants' conduct included "intentional act[s] of racial biasness [sic]."[28] To state a claim for racial discrimination that amounts to a violation Title VI of the Civil Rights Act of 1964 ("Title VI"), Plaintiff must allege that Defendants received federal financial assistance.[29] Plaintiff has made no such allegation. Accordingly, Plaintiff does not allege sufficient facts to plausibly state a claim for relief under this federal statute.

Next, Plaintiff claims Defendants' actions constituted HIPAA violations.[30] Even assuming the truth of these allegations, the Health Insurance Portability and

---

[24] Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (quoting Oneida Indian Nation of N.Y. v. County of Oneida, 414 U.S. 661, 666 (1974)).
[25] Southpark Square Ltd. v. City of Jackson, Miss., 565 F.2d 338, 342-3 (5th Cir. 1977) (citing Wright & Miller, 13 *Fed. Prac. & Proc. Juris.* § 3564 (3d ed.)).
[26] Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).
[27] R. Doc. 1 at 6.
[28] R. Doc. 1-1 at 1.
[29] Alexander v. Sandoval, 532 U.S. 275, 280 (2001).
[30] R. Doc. 1 at 6.

a federal controversy."[24] The test "is a rigorous one and if there is any foundation of plausibility to the claim, federal jurisdiction exists."[25] Moreover, where, as here, the plaintiff is *pro se* and the complaint is handwritten, the pleading is to be "liberally construed" and "must be held to 'less stringent standards than formal pleadings drafted by lawyers.'"[26]

Despite the Court's liberal construction of the complaint, Plaintiff has failed to identify any "substantial" federal question at issue in the case. First, Plaintiff claims the Court can exercise federal question jurisdiction over this case because she brings a claim against Defendants for violations of her "human, civil, an[d] constitutional rights."[27] However, Plaintiff does not allege sufficient facts to support such a claim. At most, Plaintiff alleges Defendants' conduct included "intentional act[s] of racial biasness [sic]."[28] To state a claim for racial discrimination that amounts to a violation Title VI of the Civil Rights Act of 1964 ("Title VI"), Plaintiff must allege that Defendants received federal financial assistance.[29] Plaintiff has made no such allegation. Accordingly, Plaintiff does not allege sufficient facts to plausibly state a claim for relief under this federal statute.

Next, Plaintiff claims Defendants' actions constituted HIPAA violations.[30] Even assuming the truth of these allegations, the Health Insurance Portability and

---

[24] Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (quoting Oneida Indian Nation of N.Y. v. County of Oneida, 414 U.S. 661, 666 (1974)).
[25] Southpark Square Ltd. v. City of Jackson, Miss., 565 F.2d 338, 342-3 (5th Cir. 1977) (citing Wright & Miller, 13 *Fed. Prac. & Proc. Juris.* § 3564 (3d ed.)).
[26] Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).
[27] R. Doc. 1 at 6.
[28] R. Doc. 1-1 at 1.
[29] Alexander v. Sandoval, 532 U.S. 275, 280 (2001).
[30] R. Doc. 1 at 6.

a federal controversy."[24] The test "is a rigorous one and if there is any foundation of plausibility to the claim, federal jurisdiction exists."[25] Moreover, where, as here, the plaintiff is *pro se* and the complaint is handwritten, the pleading is to be "liberally construed" and "must be held to 'less stringent standards than formal pleadings drafted by lawyers.'"[26]

Despite the Court's liberal construction of the complaint, Plaintiff has failed to identify any "substantial" federal question at issue in the case. First, Plaintiff claims the Court can exercise federal question jurisdiction over this case because she brings a claim against Defendants for violations of her "human, civil, an[d] constitutional rights."[27] However, Plaintiff does not allege sufficient facts to support such a claim. At most, Plaintiff alleges Defendants' conduct included "intentional act[s] of racial biasness [sic]."[28] To state a claim for racial discrimination that amounts to a violation Title VI of the Civil Rights Act of 1964 ("Title VI"), Plaintiff must allege that Defendants received federal financial assistance.[29] Plaintiff has made no such allegation. Accordingly, Plaintiff does not allege sufficient facts to plausibly state a claim for relief under this federal statute.

Next, Plaintiff claims Defendants' actions constituted HIPAA violations.[30] Even assuming the truth of these allegations, the Health Insurance Portability and

---

[24] Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (quoting Oneida Indian Nation of N.Y. v. County of Oneida, 414 U.S. 661, 666 (1974)).
[25] Southpark Square Ltd. v. City of Jackson, Miss., 565 F.2d 338, 342-3 (5th Cir. 1977) (citing Wright & Miller, 13 *Fed. Prac. & Proc. Juris.* § 3564 (3d ed.)).
[26] Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).
[27] R. Doc. 1 at 6.
[28] R. Doc. 1-1 at 1.
[29] Alexander v. Sandoval, 532 U.S. 275, 280 (2001).
[30] R. Doc. 1 at 6.

Accountability Act of 1996 ("HIPAA") does not provide a private right of action.[31] Accordingly, this claim does not raise a federal question.

Plaintiff further claims the Court can exercise federal question jurisdiction over this case because she brings a claim against Defendants under 22 U.S.C. § 2702. The Court disagrees because Plaintiff's claim under this statute is frivolous.

Section 2702 provides certain remedies and procedures for malpractice actions brought against the against the United States based on the malpractice of personnel of the Department of State. The Defendants in this case are not the United States, nor are they personnel of the Department of State. Accordingly, 22 U.S.C. § 2702 has not bearing on this matter. The Court finds Plaintiff's claim under § 2702 "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" and/or is "wholly insubstantial and frivolous."[32]

Finally, Plaintiff alleges the Court may exercise federal question jurisdiction over this case because she brings a claim against Defendants under 18 U.S.C. § 1347. Section 1347 is a federal criminal statute, which sets forth the elements of health care fraud. "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another,"[33] and thus lacks standing to charge Defendants with a federal crime. As such, the Court finds Plaintiff's claim under § 1347 "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" and/or is "wholly insubstantial and frivolous."[34]

---

[31] *See* Acara v. Banks, 470 F. 3d 569, 572 (5th Cir. 2006).
[32] *Id.*; *see also* Hagans v. Lavine, 415 U.S. 528, 536–37 (1974) ("Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'").
[33] Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).
[34] *Id.*; *see also* Hagans v. Lavine, 415 U.S. 528, 536–37 (1974) ("Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'").

In sum, none of Plaintiff's allegations give rise to a federal question that would provide this Court with jurisdiction under 28 U.S.C. § 1331.

## II. The Court lacks diversity jurisdiction.

Plaintiff has also failed to establish this Court has subject-matter jurisdiction based on 28 U.S.C. § 1332. The citizenship of Plaintiff is not different from the citizenship of the Defendants. Plaintiff's complaint alleges she is a Louisiana citizen.[35] Defendants are all also citizens of Louisiana.[36] Accordingly, the complete diversity requirement of 28 U.S.C. § 1332 is not satisfied, and the Court lacks statutory or constitutional power to adjudicate the case based on diversity of citizenship.

## III. Plaintiff's claims against members of the medical review panel are barred by Louisiana law.

In his reply to the motion to dismiss, Defendant Delatte argued Plaintiff's claims against himself and other members of the medical review panel are barred by Louisiana law.[37] La. R.S. § 40:1231.8(H) provides "[a medical review] panelist shall have absolute immunity from civil liability for all communications, findings, opinions and conclusions made in the course and scope of duties prescribed [by law in connection with the medical malpractice review panel]."[38] Plaintiff does not articulate her specific claims against Delatte, Cooper, Black, and Simon in her complaint, but these four individuals comprised the medical review panel assigned to Plaintiff's malpractice claim.[39] In her opposition to the motions to dismiss, Plaintiff claimed the "panel members and their representatives are negligen[t]" and further argued "[i]t's illegal to lie or give inconclusive result[s] to

---

[35] R. Doc. 1 at 4.
[36] R. Doc. 1, at 4; R. Doc. 1-2 – R. Doc. 1-8; *see* R. Doc. 13-3 for the correct address of Dr. Michele Cooper.
[37] R. Doc. 26 at 1-2.
[38] La. R.S. § 40:1321.8(H).
[39] *See* R. Doc. 1-1.

investigation without sufficient information."[40] Thus, it appears Plaintiff's claims against Delatte, Cooper, Black, and Simon relate to their performance and findings on the medical review panel. Such claims against members of a medical review panel are explicitly prohibited by La. R.S. § 40:1231.8(H). Where a claim is barred by absolute immunity, it is frivolous, and dismissal with prejudice is proper.[41] Accordingly, Plaintiff's claims against Defendants Delatte, Cooper, Black, and Simon are dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Court does not have jurisdiction over this case and the matter must be dismissed. The Court will not grant Plaintiff leave to amend her complaint because such leave would be futile.[42]

**IT IS ORDERED** that the Defendants' motions to dismiss are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Babycos, Hollis, and De La Houssaye are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Cooper and Delatte are **DISMISSED WITH PREJUDICE** as frivolous.

**New Orleans, Louisiana, this 23rd day of October, 2023.**

*[signature: Susie Morgan]*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[40] R. Doc. 20 at 2-3.
[41] Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994) (affirming dismissal of plaintiff's claims with prejudice where the claims were barred by absolute immunity).
[42] Helms v. Speartex Grain Co., 983 F.2d 232 (5th Cir. 1993) ("Although '[t]he policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise,' a court need not grant a motion to amend if the amendment will not cure the deficiencies of the complaint." (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).